IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Beley and Douglas Montgomery, individually and on behalf of a class, | ) ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | No 12-cv- |
| *-vs-* | ) ) | |
| City of Chicago, | ) ) | |
| *Defendant.* | ) ) ) | Jury Trial Demand |

## COMPLAINT

Plaintiffs, by counsel, allege as follows:

1.    This is a civil rights complaint on behalf of a plaintiff class who are required to register as sex offenders with the Chicago Police Department (CPD) and have been deprived of their liberty as a result of the unconstitutional practices and procedures of the CPD's Criminal Registration Section (CRS).  The CPD's procedures disregard fundamental fairness and Due Process and thereby violate the rights of the plaintiff class under the Fourteenth Amendment to the United States Constitution. This Court should declare those procedures unlawful and it should enjoin them.

2.     Members of the plaintiff class are subject to criminal and civil sanctions, including incarceration, for failure to register under the Illinois Sex Offender Registration Act (SORA).

3.     *Johnson et al. v. City of Chicago et al.*, 12-cv-8594, is similar to the instant case in that it challenges the CRS's policy and/or practice of registering sex offenders in regard to the collection of the one hundred dollar fee. On December 6, 2012, the Court denied plaintiffs' motion to file a second amended complaint and add parties due to the expedited discovery schedule for a preliminary injunction hearing set for January 25, 2013.

4.     This is a civil rights action arising under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

5.     Plaintiffs Douglas Montgomery and Michael Beley are residents of the Northern District of Illinois.

6.     Defendant City of Chicago is a municipal corporation organized and existing under the laws of the State of Illinois. The Illinois Sex Offender Registration Act, 730 ILCS 150 (SORA), imposes a duty on all registered sex offenders to register in person at CPD Headquarters.

7.     Pursuant to SORA, each sex offender residing in Chicago is required to provide the CPD with:

2

a current photograph, current address, current place of employment, the sex offender's or sex predator's telephone number, including cellular telephone number, the employer's telephone number, school attended, all e-mail addresses, instant messaging identities, chat message identities, and other Internet communications identities that the sex offender uses or plans to be used by the sex offender, all blogs and other Internet sites maintained by the sex offender or to which the sex offender has uploaded any content or posted any messages or information...

8.    SORA requires each sex offender to pay an initial registration fee as well as an annual fee and grants  local law enforcement agencies the discretion to impose an annual fee of one hundred dollars as well as a one hundred dollar initial registration fee.   Prior to the law being amended on January 1, 2011, local law enforcement agencies were permitted to charge a ten dollar annual fee as well as a ten dollar initial fee.

9.    Any sex offender residing in Illinois must, within 3 days of beginning school, or establishing a residence, place of employment, or temporary domicile report in person to the appropriate law enforcement agency.  730 ILCS 150/3(b).  The CPD  is the appropriate law enforcement agency for sex offenders who reside in the City of Chicago.

10. Placement on the registry comes with a variety of obligations and restrictions; failure to comply can have criminal consequences. For example, an individual in violation of the SORA may "be required to serve a minimum period of 7 days confinement in the local county jail." In addition, a court must impose a mandatory minimum fine of $500 on all individuals who violate the SORA. 730 ILCS 150/10(a).

11. Illinois law vests the CPD with the power to "waive the registration fee if it determines that the person is indigent and unable to pay the registration fee." 730 ILCS 150/3 (c)(2)(2.5) (6).

12. Prior to October 26, 2012, the CPD and/or CRS had not provided sex offenders a meaningful opportunity to contest the application of the one hundred dollar fee.

13. Prior to October 26, 2012, the CPD and/or CRS had not provided sex offenders meaningful notice as to what satisfies "positive identification" under SORA.

14. Prior to October 26, 2012, the CPD and/or CRS had not provided sex offenders meaningful notice when the one hundred dollar fee was due and owing.

15. Under Section 3 of SORA, any person who lacks a fixed residence must report weekly in person, with the sheriff's office of the county in which he or she is located in an unincorporated area, or with the chief of police in the municipality in which he or she is located.

16. "Homeless", "homeless individual", and "homeless person", as defined in 42 USC § 11302 may include the following:

> (1) an individual or family who lacks a fixed, regular, and adequate nighttime residence;
> (2) an individual or family with a primary nighttime residence that is a public or private place not designed for or ordinarily used as a regular sleeping accommodation for human beings, including a car, park, abandoned building, bus or train station, airport or camping ground;
> (3) an individual or family living in a supervised publicly or privately operated shelter designed to provide temporary living arrangements (including hotels and motels paid for by Federal, State, or local government programs for low- income individuals or by charitable organizations, congregate shelters, and transitional housing)

17. As of December 6, 2012, CRS has a practice of refusing to allow homeless sex offenders to register unless they have a state identification card listing a shelter as an address.

18. The CPD has no official channel or administrative mechanism to allow a person without a fixed residence to register under SORA. This deprivation of liberty is not the result of a random and unauthorized act by the CPD, but rather is the result of some established state procedure. As such, this deprivation requires some pre-deprivation procedure. The absence of any procedure to register a person without a fixed residence deprives residents of Chicago a liberty interest and is protected by the Due Process Clause.

**PLAINTIFF MICHAEL BELEY**

19.    Plaintiff Beley was convicted of a crime which requires him to comply with SORA.

20.    On November 8, 2008, plaintiff Beley was arrested for failing to register as a sex offender.  He pled guilty and served four years and ten days for the offense.  Plaintiff Beley was released from the Taylorville Correctional Center on November 19, 2012.  At this time plaintiff Beley was not on parole.

21.    On Tuesday, November 20, 2012, plaintiff Beley attempted to register at the criminal registration section.  The registering police officer refused to register plaintiff Beley because he was homeless.

22.    Plaintiff Beley attempted to register November 23, 2012, using his son's address, however, a criminal registration section police officer refused to register him because he determined the address was too close to a park.  Plaintiff Beley attempted to identify a homeless shelter, but was unable to find any homeless shelter that would accept a registered sex offender.

23.    The week of November 26, 2012, plaintiff Beley attempted to register three or four times, however, the registering police officer refused to register plaintiff Beley without an address.

24.    As of December 3, 2012, plaintiff Beley is classified as a "non-compliant" sex offender by the Illinois State Police.

25.     As a result of CRS's refusal to register plaintiff Beley as a homeless sex offender pursuant to Section 3 of SORA, his classification on the Illinois State Police website was changed to "non-complaint" and he is subject to arrest.

### PLAINTIFF DOUGLAS MONTGOMERY

26.     Plaintiff Montgomery was convicted of crime which requires him to be in compliance with SORA.

27.     In January 2011, plaintiff Montgomery was released from the Galesburg Correctional Center.   At the time of release, plaintiff Montgomery understood that he must register as a sex offender on or before January 24, 2011.

28.     Plaintiff Montgomery arrived in Chicago in January 2011 and suffered a mild heart attack.  Plaintiff Montgomery was admitted to St. Francis Hospital (the "Hospital") in Evanston on January 22 for treatment.

29.     On January 24, 2012, Sister McNulty, a social worker at the Hospital, made the following record:

> Pt said he was told he is not to be d/eed today and is concerned re: repercussions w/police over failure to register.  Spoke w/ Officer Meaders at registration office, main police station (312) 745-5075.  The officer said when the pt is released he should register immediately and show documentation of hospitalization.

30.     When plaintiff Montgomery was released from the Hospital on January 27, 2011, he traveled to CPD Headquarters to register.  When he

arrived, a police officer from the criminal registration section asked plaintiff Montgomery where he was living. Plaintiff Montgomery responded that he was homeless. The registering police officer said that the criminal registration section was no longer registering homeless people. The registering police officer gave plaintiff Montgomery three additional days to find a homeless shelter and come up with the one hundred dollar registration fee.

31.    Over the course of the next few days, plaintiff Montgomery was unable to find shelter, and subsequently was unable to register.

32.    Around July 14, 2011, a Chicago Police Officer arrested plaintiff Montgomery when he was observed urinating in public and in possession of alcohol. Plaintiff Montgomery was transported to a police station at 18th and Michigan and charged with violating the sex offender registration law. A CPD Case Report made pursuant to plaintiff Montgomery's arrest states as follows:

> The offender stated that in January 2011, he attempted to register at the Chicago Police Headquarters at 35th and Michigan but was advised that he could not register as homeless without an address. The offender stated that the Officer at the Chicago Police Department Registration advised him that he must obtain an address from a shelter if he is homeless. The offender stated that he lives under the bridge at 530 N. Des Plaines, in Chicago, IL and has not obtained a shelter as directed by the Officer at the Chicago Sex Offender Registration Unit.

33.    Plaintiff Montgomery has been in the Cook County Jail since July 14, 2011 awaiting trial for allegedly violating SORA.

34.     Plaintiffs bring this suit individually and for all registered sex offenders who are and/or were homeless and refused registration by the criminal registration section.  The proposed class satisfies each of the requirements of Rule 23(a) and plaintiffs seek, for the class, declaratory and prospective injunctive relief as well as damages.

WHEREFORE, plaintiffs request that the Court allow this case to proceed as a class action and that the Court grant damages as well as declaratory and prospective relief and to require the City of Chicago to adopt constitutional procedures to register homeless sex offenders residing in Chicago, and that the Court grant compensatory and emotional damages in excess of one hundred thousand dollars for all individual plaintiffs. Plaintiffs also request that the Court grant whatsoever other relief as may be appropriate, including an award of fees and costs.

Respectfully submitted,


/s/ Patrick W. Morrissey
Attorney for the Plaintiffs

Patrick W. Morrissey
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Il. 60643
(773)233-7900